In the Matter of CHARLES WALDRON CLOWE, an Attorney, Respondent.

First Department, December 13, 1935.

*S. C. Lewis* of counsel [*Einar Chrystie,* attorney], for the petitioner.

*Robert Monell Herzberg* of counsel [*Edwin L. LaCrosse,* attorney], for the respondent.

MARTIN, P. J. The respondent was admitted to the bar by the Appellate Division of the Supreme Court, Second Department, on March 7, 1900. Charges of professional misconduct were filed against him. The referee has found that for a period of about three months he concealed from a client the fact of the collection of a sum of Three Hundred Fifty-two Dollars and thirty-seven cents and converted said amount to his own use until after he was advised that the matter was under investigation by the Bar Association. The referee said: " This is emphatically not the case of a tricky and unscrupulous attorney pursuing as a regular course of conduct dishonest and illegal methods, but it is rather the case of a man theretofore deservedly of good repute overcome by a temptation created by poverty to keep money received in a fiduciary capacity, entertaining the unrealized hope that he might make good the amount to [by] which the fund had been depleted and discharge his obligation by payment. It is a case in which there is not a scintilla of direct evidence that the respondent ever abstracted and used for personal ends any part of the Three Hundred Fifty-two Dollars and thirty-seven cents; but a case where the inference that he did so appears to me to be irresistible in the light of the testimony given, not merely by the witnesses produced by the petitioner but by the respondent himself."

The evidence indicates that there was no intention on the part of the respondent to misappropriate the money. He admitted its receipt and his responsibility therefor. Undoubtedly if an express demand had been made upon him for its payment under penalty of complaint to the Bar Association, this situation would not have arisen. Notwithstanding the fact that the relations between respondent and his client were friendly throughout, this proceeding was initiated without warning to the respondent. On the other hand, the inference is compelling that the respondent used the money, imposing upon the friendly relationship, intending to pay it over at his own convenience. Although there was no express demand for the money, the respondent was given every intimation that its payment was desired.

Such conduct requires that the respondent be censured.

MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Respondent censured.